UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. |
| | § | |
| $42,120.00 in U.S. Currency, | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America files this action for forfeiture and alleges upon information and belief:

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6).

*Defendant Property*

2. The Defendant is $42,120.00 in United States currency (the "Defendant Property").

3. On or about March 21, 2019, law enforcement officers seized the Defendant Property from Anabell Robles in Houston, Texas. The Defendant Property is currently in a bank account in the custody of the United States Marshals Service.

4. On or about May 23, 2019, Anabell Robles (hereinafter "Robles") submitted a claim to the U.S. Drug Enforcement Administration (hereinafter "DEA") contesting administrative forfeiture of the Defendant Property.

*Jurisdiction and Venue*

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

*Statutory Basis for Forfeiture*

7. The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, et. seq.), all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the Controlled Substances Act.

*Facts*

8. On March 21, 2019, Anabell Robles exited a bus at the El Expreso terminal in Houston, Texas. The bus was inbound from Atlanta, Georgia.

9. Houston Police Department ("HPD") Officer Tim Walker and Sergeant Adolfo Carrillo approached Robles, showed her their police badges and identification, and asked for permission to speak to her. Robles agreed.

10. Robles stated that she was from Houston, Texas. Officer Walker asked where she was traveling from, and Robles answered that she was traveling from South Carolina. Robles stated that she traveled to South Carolina to visit family and retrieve

money that her uncle owed her mother for a land purchase in Mexico. Robles stated that she stayed only one night in a South Carolina motel before returning to Texas.

11.     Officer Walker informed Robles that he was a narcotics officer and asked if she was in possession of any narcotics or narcotics proceeds. Robles stated that she had no money in her bag or purse.

12.     Officer Walker advised Robles that she was not under arrest and was not obliged to allow officers access to her purse. Robles allowed Officer Walker to inspect her purse. Officer Walker observed a large stack of one hundred dollar bills in the purse, unconcealed.

13.     Officer Walker asked Robles where she got the stack of one hundred bills. Robles repeated that she was sent to South Carolina to meet with her uncle, a brother of her mother, to retrieve money that the uncle owed her mother for a land purchase in Mexico.

14.     Officer Walker returned the purse to Robles and asked if she had any other money concealed in the purse. Robles answered no. Because of Robles's demeanor when she answered, Officer Walker asked to examine the purse again. Robles consented.

15.     Upon further inspection of the purse, Officer Walker located four additional stacks of money concealed in the purse. Officer Walker asked Robles how much money she was carrying. Robles said that she did not know.

16.     Officer Walker asked Robles if she was being picked up from the bus station. She stated that her stepfather was supposed to meet her.

17. Robles appeared nervous throughout the conversation with the officers, showing visible signs of distress such as trembling hands, shortness of breath, and fidgeting.

18. A Hispanic male, later identified as Felipe Martinez ("Martinez"), later arrived at the bus station and was identified by Robles as her stepfather. Officer Walker and another HPD officer, Officer Ruben Dabila, approached Martinez and asked to speak with him. Martinez confirmed he was at the bus station to pick up Robles. In response to officers' questions, Martinez stated that he thought Robles had traveled to Atlanta for vacation and that he was not aware that his wife, Robles's mother, had any brothers or relatives in the South Carolina area.

19. Officer Dabila spoke by phone with a woman who identified herself as Robles's mother. The woman stated that she had no knowledge of her daughter's trip to Atlanta or South Carolina.

20. Officers transported Robles, her luggage, and Defendant Property to the Houston Police Department (HPD) Narcotics Office located at Houston Hobby Airport. A canine searched and alerted to the odor of illegal controlled substances emanating from the money.

21. The U.S. currency which totaled $42,120.00 was in the following denominations:

- $100   x   388   =   $38,800.00
- $50    x   48    =   $2,400.00
- $20    x   46    =   $920.00

22.    The Defendant Property was furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. § 801, et. seq., is proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirement set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  A verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent.

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim.  The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

*Requested Relief*

Wherefore, the United States of America requests that judgment of forfeiture be entered against Defendant Property in favor of the United States of America under 21 U.S.C. § 881(a)(6) in addition to such costs and other relief to which the United States of America may be entitled.

                                            Respectfully submitted,

                                            RYAN K. PATRICK
                                            United States Attorney

By:    s/ Stephanie Bauman
        Stephanie Bauman
        Assistant United States Attorney
        State Bar No.: 24055344
        Federal Bar No.: 705181
        1000 Louisiana, Suite 2300
        Houston, TX 77002
        (713) 567-9419

## Verification

I, Lawrence Lilly, a Special Agent employed by the U.S. Drug Enforcement Administration, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on this the 21st day of August 2019.

*Lawrence Lilly*
Lawrence Lilly
Special Agent
U.S. Drug Enforcement Administration